IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:15cr10 LG-JCG

ROBERT BENJAMIN JONES  26 U.S.C. § 5861(d)
JOSHUA JONES  21 U.S.C. § 841(a)(1)
MOLLIE RESH  21 U.S.C. § 846
RANDALL PATRICKS  18 U.S.C. §1956(h)
  18 U.S.C. § 4

**The Grand Jury charges:**

COUNT 1

On or about October 10, 2012, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendant, **ROBERT BENJAMIN JONES**, knowingly possessed a firearm, to-wit: a Leinad, Model CM-11, 9mm Luger caliber semiautomatic rifle, which had been modified to a be a firearm with a barrel less than 18 inches in length, not registered to him in the National Firearms Registration and Transfer Record.

In violation of Sections 5841, 5861(d), and 5871, Title 26, United States Code.

COUNT 2

On or about October 10, 2012, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendant, **ROBERT BENJAMIN JONES**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute alprazolam a Schedule IV non-narcotic drug controlled substance.

In violation of Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 3

On or about October 10, 2012, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendant, **ROBERT BENJAMIN JONES**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute testosterone enanthate and trenbolone enanthate, Schedule III non-narcotic drug controlled substances.

In violation of Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 4

From in or about January 2012 continuing through October 2012, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **ROBERT BENJAMIN JONES, JOSHUA JONES, MOLLIE RESH and RANDALL PATRICKS**, did knowingly conspire with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute alprazolam a Schedule IV non-narcotic drug controlled substance as prohibited by Section 841(a)(1), Title 21, United States Code.

In violation of Section 846, Title 21, United States Code.

## COUNT 5

From in or about January 2012 continuing through October 2012, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **ROBERT BENJAMIN JONES, and RANDALL PATRICKS**, did knowingly conspire with

each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute testosterone enanthate and trenbolone enanthate Schedule III non-narcotic drug controlled substances as prohibited by Section 841(a)(1),Title 21, United States Code.

In violation of Section 846, Title 21, United States Code.

## COUNT 6

From in or about January 2012 continuing through October 2012, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **ROBERT BENJAMIN JONES, JOSHUA JONES, MOLLIE RESH and RANDALL PATRICKS,** did knowingly conspire with each other and with other persons known and unknown to the Grand Jury to commit offenses under Title 18, United States Code, Section 1956 as follows:

to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, (1) with the intent to promote the carrying on of such specified unlawful activity, (2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and (3) knowing that the transactions were designed in whole and in part to avoid transaction reporting requirements under federal law, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1).

All in violation of Section 1956(h), Title 18, United States Code.

COUNT 7

From in or about January, 2012, continuing through October 2012, in Harrison County in the Southern District of Mississippi, the defendant, **MOLLIE RESH**, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, distribution and possession with intent to distribute controlled substances as prohibited by Title 21 United States Code Section 841, did conceal the same by allowing the use of her personal identifiers for the establishment of accounts to transfer and conceal the proceeds of the sales of controlled substances, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

In violation of Section 4, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of one or more of the offenses alleged in this indictment:

Money Judgment in the sum of two hundred thirty nine thousand four hundred dollars ($239,400.00)

Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 924(d)(1), Title 18, United States Code, Section 982(a)(1), Title 18, United States Code, Section 853, Title 21, United States Code, Section 5872, Title 26, United States Code, and Section 2461, Title 28, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 3rd day of February, 2015.

UNITED STATES MAGISTRATE JUDGE